IN THE COURT OF APPEALS OF THE STATE OF IDAHO

Docket No. 42107

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 854 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: December 11, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MARK VINCENT WELSH, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Melissa Moody, District Judge.

Order revoking probation and order denying Idaho Criminal Rule 35 motion for reduction of sentence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and GRATTON, Judge

---

PER CURIAM

Mark Vincent Welsh was convicted of operating a motor vehicle while under the influence of alcohol (two or more within ten years), Idaho Code § 18-8004, 18-8005(5). The district court imposed a unified nine-year sentence with a two-year determinate term, but after a period of retained jurisdiction, suspended the sentence and placed Welsh on probation. Welsh violated his probation but it was reinstated by the district court. Welsh was ordered to serve fourteen days of discretionary jail time following another violation. About eighteen months later, Welsh's probation officer requested additional discretionary jail time, and the State filed a

1

notice of probation violation. Subsequently, Welsh admitted to violating the terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentence. Welsh filed an Idaho Criminal Rule 35 motion for reduction of the sentence which the district court denied. Welsh appeals, contending that the district court abused its discretion in revoking probation and in denying his Rule 35 motion.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

Next, we review whether the district court erred in denying Welsh's Rule 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant

or denial of a Rule 35 motion, we apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984). Upon review of the record, including any new information submitted with Welsh's Rule 35 motion, we conclude no abuse of discretion has been shown.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or in denying Welsh's Rule 35 motion. Therefore, the district court's order revoking probation and directing execution of Welsh's previously suspended sentence and the order denying his Rule 35 motion are affirmed.